**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**MELISSA SCELSI,**

                            **Plaintiff,**                           **MEMORANDUM**
                                                             **AND ORDER**

                           **-against-**                            **19-CV-4315 (FB)**


**HABBERSTAD MOTORSPORT INC., et al.,**

                            **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      By letter-motion dated July 6, 2020, plaintiff Melissa Scelsi ("plaintiff") seeks an order (1) compelling defendants to participate in remote depositions on account of the COVID-19 pandemic; and (2) granting a 30-day extension of the July 24th fact discovery deadline, to afford the parties additional time to complete depositions. See Letter Motion to Compel (July 6, 2020) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #25. Plaintiff contends that she is "not comfortable participating in in-person depositions due to concerns for her health and the health of her son, who suffers from the type of underlying condition that puts him at particular risk for complications from COVID-19." Id. at 1. Defendants oppose the request, on the ground that defense counsel (Saul Zabell, Esq.) suffers from hearing loss, requiring "hearing assistance devices." Response in Opposition (July 6, 2020) ("Def. Opp.") at 2, DE #26. Citing the partial lifting of pandemic restrictions in New York State, defendants contend that "[p]laintiff has not demonstrated the good cause necessary for this Court to schedule a remote deposition." Id. at 3. This Court concludes otherwise.

1

As plaintiff correctly observes, courts around the country and within this Circuit have repeatedly ruled in favor of conducting remote depositions in order to address legitimate health concerns arising from the coronavirus pandemic. See Pl. Mot. at 2 (collecting cases).[1] Indeed, "conducting depositions remotely is becoming the 'new normal.'" Rouviere v. DePuy Orthopaedics, Inc., 1:18-cv-04814 (LJL) (SDA), 2020 WL 3967665, at *3 (S.D.N.Y. July 11, 2020). This trend has continued even as some restrictions have been lifted in the State of New York. See id. As one judge concluded: "[T]he Court disagrees with [the plaintiff's] suggestion that the partial reopening of the economy means that the witnesses no longer face health risks." Joffe v. King & Spalding LLP, 17-CV-3392 (VEC), 2020 WL 3453452, at *7 (S.D.N.Y. June 24, 2020) ("What remains clear is that the unique health risks posed by COVID-19 are as present today as they were in May: it is a potentially fatal illness with the ability to spread through asymptomatic or pre-symptomatic carriers . . . ."); see Rouviere, 2020 WL 3967665, at *3 (noting, in an opinion issued less than two weeks ago, the continued health risks to persons participating in in-person depositions).

Defense counsel argues that "[t]o mandate remote deposition[s] would unfairly impair my ability to represent my clients without limitation." Def. Opp. at 2. Courts have, however, rejected claims that having to conduct depositions remotely because of COVID-19 would materially impact the effectiveness of the examination: "[T]here can be no question that mask-wearing and distancing [during an in-person deposition] significantly diminish the value of in-person testimony and substantially close the gap between in-person and video depositions."

---

[1] Moreover, a month ago, in another case pending in this District, Judge Pamela K. Chen overruled the defendant's objection to conducting a bench trial by videoconference. See Argonaut Ins. Co. v. Manetta Enters., Inc., 19-CV-00482 (PKC) (RLM), 2020 WL 3104033 (E.D.N.Y. June 11, 2020).

2

Joffe, 2020 WL 3453452, at *6.

Having balanced all of the relevant factors, including defense counsel's hearing impairment and the health risk to plaintiff and her son from an in-person deposition, the Court, in its discretion, concludes that remote depositions are warranted here, in accordance with Rule 30(b)(4) of the Federal Rules of Civil Procedure.  See generally Rouviere, 2020 WL 3967665, at *2.[2]  Plaintiff has "offered to make any virtual accommodations that might be helpful for Mr. Zabell[,]" Pl. Mot. at 1 n.1, and the Court's own research has uncovered a variety of technological accommodations for the hearing impaired, see, e.g., https://chchearing.org/blog/videoconferencing-tips-hearing-loss/.  Moreover, as plaintiff observes, it is unclear why an in-person deposition with masks and social distancing would pose less of a challenge to a hearing-impaired examiner or defender than a videoconference deposition with technical accommodations.  See Pl. Mot. at 1 n.1.

It bears noting that in other cases, similar demands by Mr. Zabell for in-person depositions have recently been rejected by judges in this District.  See Chicas v. Garden Design by Plant Works, Inc., 19-cv-2853 (PKC)(VMS) ("Chicas"), Order (June 25, 2020); Chicas, Transcript of Proceedings held on June 25, 2020 ("6/25/20 Transcript"), DE #33 (court refuses to order in-person deposition despite Mr. Zabell's hearing loss and characterization of the case as "document-intensive"); Flores v. L.I. Proliner, Inc., 19-cv-05056-ENV-JO ("Flores"), Order denying Motion for Reconsideration (June 26, 2020) (denying in-person deposition despite the witness-plaintiff's need for an interpreter; Mr. Zabell did not reference his hearing loss); Flores,

---

[2] The Court accepts as valid, without further inquiry, the health concerns expressed by plaintiff, as well as defense counsel's representation that he suffers from hearing loss.  See generally Joffe, 2020 WL 3453452, at *7 n.8.

3

Motion for Reconsideration (June 26, 2020) at 2, DE #21.   Moreover, a review of the court files in those cases reflects that Mr. Zabell has been able to participate in remote judicial conferences without any apparent difficulty.   See, e.g., Chicas, Transcript of Proceedings held on July 2, 2020, DE #34; Chicas, 6/25/20 Transcript.

      For the foregoing reasons, plaintiff's request that depositions proceed remotely is granted, over defendants' objection.   There being no objection to plaintiff's request to extend fact discovery in order for the parties to complete depositions, the Court grants that request in substantial part, until August 21, 2020, for that limited purpose.   As the parties failed to file a joint letter-motion, by the June 25th extended deadline, to propose a schedule for expert discovery, see Minute Entry (Feb. 12, 2020), DE #15; Electronic Order (Apr. 2, 2020), the Court presumes that neither side will be relying on expert opinions.   Requests for a premotion conference are due by August 28, 2020.

      **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
          **July 20, 2020**

                          /s/ *Roanne L. Mann*
                          **ROANNE L. MANN**
                          **UNITED STATES MAGISTRATE JUDGE**