| | |
|---|---|
| **ROANNE L. MANN** | **DATE:** October 9, 2020 |
| **UNITED STATES MAGISTRATE JUDGE** | **START:** 11:00 a.m. |
| | **END:** 2:00 p.m. |

**DOCKET NO:** 19-cv-4315 (FB)

**CASE:** Scelsi v. Habberstad Motorsport, Inc., et. al.

- ☐ INITIAL CONFERENCE
- ☐ DISCOVERY CONFERENCE
- ☐ SETTLEMENT CONFERENCE
- X MOTION HEARING
- ☐ OTHER/*CHEEKS* HEARING
- ☐ FINAL/PRETRIAL CONFERENCE
- X TELEPHONE CONFERENCE
- ☐ INFANT COMPROMISE HEARING

**PLAINTIFF**

| | ATTORNEY |
|---|---|
| | Daniel Grossman, Rachel Nicotra |
| | |
| | |

**DEFENDANT**

| | ATTORNEY |
|---|---|
| | Ryan Eden |

- ☐ FACT DISCOVERY TO BE COMPLETED BY _____
- ☐ SETTLEMENT CONFERENCE SCHEDULED FOR
- ☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
- ☐ PL. TO SERVE DEF. BY: _____  DEF. TO SERVE PL. BY: _____

**RULINGS:  PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

Rulings made on the record granting in part [34], [37] plaintiff's motions to compel. Although the Court's 8/27/20 M&O did not require defendants, who produced additional documents in response to that ruling, to provide a statement regarding their search for responsive documents, the Court has concerns regarding the adequacy of defendants' search for ESI and documents, in light of documents that plaintiff has demonstrated were not produced. By October 23, 2020, the parties must confer further on the methodology of defendants' search and engage in an interactive process to ensure that any further search cures defendants' incomplete production; the parties must also meet and confer regarding plaintiff's most recent set of (13) interrogatories.

Defendants concede that they have waived the attorney-client privilege as to compliance with NY Labor Law by asserting an advice-of-counsel defense. Nevertheless, Mr. McCarthy asserted the privilege in response to questioning on that subject at his deposition. Therefore, Mr. McCarthy must be produced for a reopened deposition, and may be examined in connection with defendants' NYLL compliance, including communications with counsel and/or Frank King on that issue, and about any other documents that were not produced by defendants until after his first deposition session. The continued deposition should await any further document production about which Mr. McCarthy may be questioned. Plaintiff's request to produce Ms. Murray is denied without prejudice.

The Court finds that defendants have not waived attorney-client privilege with regard to the failure to accommodate claim, as counsel confirms that they have not asserted an advice of counsel defense. Along with their joint status report due by October 23, 2020, the parties must file a proposed stipulation regarding defendants' disclaimer of an advice of counsel defense. The Court denies plaintiff's request for attorney-client communications regarding insurance coverage.