```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MELISSA SCELSI,
                    Plaintiff,                      MEMORANDUM
                                                     AND ORDER

            -against-                                19-CV-4315 (FB)


HABBERSTAD MOTORSPORT INC., et al.,

                    Defendants.
------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a motion filed by plaintiff Melissa Scelsi ("plaintiff") for discovery sanctions against her former employers, defendants Habberstad Motorsport, Inc. and Erik Habberstad (collectively, "defendants"), and/or their counsel, for "obstructing fact discovery by willfully withholding documents responsive to plaintiff's discovery requests." See Plaintiff's Motion for Sanctions (Nov. 30, 2020) ("Pl. Sanctions Mot.") at 3, Electronic Case Filing ("ECF") Docket Entry ("DE") #50. More specifically, over defendants' objection, see Defendants' Opposition to Sanctions (Dec. 4, 2020) ("Def. Sanctions Opp."), DE #51, plaintiff seeks attorneys' fees and costs incurred in litigating a series of discovery disputes before the Court and in expending additional time conducting discovery. For the reasons that follow, this Court agrees with Scelsi that sanctions are warranted and awards plaintiff reasonable attorneys' fees and expenses, in an amount to be determined.

## BACKGROUND

In this action, plaintiff claims that defendants improperly terminated her employment because she was suffering from postpartum depression. See, e.g., Complaint (July 26, 2019), DE #1. The instant motion follows on the heels of numerous discovery disputes that the parties have

presented to this Court. To provide context for the Court's ruling, a summary of the relevant case history follows.

Plaintiff filed her first motion to compel on February 21, 2020, complaining, among other things, that defendants had withheld documents responsive to plaintiff's discovery demands, including relevant email chains. See Plaintiff's Motion to Compel ("2/21/20 Mot. to Compel") at 3-4, DE #18. Defendants' opposition letter countered that all such emails "have been produced" and that "[d]efendants cannot produce that which they do not have." See Defendants' Opposition (Feb. 28, 2020), DE #19 at 4. Following a lengthy hearing, the Court largely granted plaintiff's motion to compel and directed the parties to meet and confer to discuss the methodology of defendants' search for email chains. See Minute Entry (Mar. 3, 2020) ("3/3/20 Minute Entry"), DE #21. Defendants were ordered to provide sworn responses to five of plaintiff's interrogatories, produce many of the documents that plaintiff had previously requested, and agree to deposition dates. See id.[1]

Thereafter, following references by deposition witnesses to previously demanded but undisclosed, relevant emails, plaintiff again moved to compel, *inter alia*, more comprehensive document production by defendants, and a further extension of the discovery deadline in order to synthesize this information. See Letter Motion (Aug. 21, 2020) ("8/21/20 Mot.") at 1, 2, DE #29. Specifically, defense witnesses referred to communications that defendants had failed to produce, including emails from defendants' General Manager, James McCarthy, regarding plaintiff's accommodation request; plaintiff's motion to compel reserved the right to move for sanctions. See id. at 2, 3. Defendants' opposition to the motion repeated Mr. Zabell's unsworn

---

[1] During the hearing, the Court noted on the record that defendants had failed to provide a reasonable basis for their opposition to some of plaintiff's requests, had cited caselaw involving facts bearing no resemblance to the case at bar, and had engaged in "hide-the-ball" tactics.

2

assertion that "[d]efendants previously produced all responsive emails in their possession, custody, and control[.]" Defendants' Opposition (Aug. 25, 2020) ("8/25/20 Def. Opp.") at 3, DE #31. The Court deemed this response "insufficient" and directed defendants to conduct a further search for responsive communications; defendants were ordered to "produce any and all additional responsive documents or a sworn statement from the individual who conducted the search, describing the procedure of the search and stating under oath that no additional documents were located." Memorandum and Order (Aug. 27, 2020) ("8/27/20 M&O") at 2, 4, DE #32.

After conducting a further search of Mr. McCarthy's emails, pursuant to the Court's order, defendants produced another batch of documents, including several emails that plaintiff had moved to compel approximately seven months earlier; defendants refused to provide a sworn statement regarding the methodology of their search. See Pl. Sanctions Mot. at 2; Def. Sanctions Opp. at 4. Somewhat skeptical about the completeness of defendants' production, plaintiff filed two more motions to compel, seeking, among other things, to compel defendants to provide sworn statements regarding the methodology of their search for Electronically Stored Information ("ESI"); to reopen the deposition of Mr. McCarthy, who had asserted attorney-client privilege at his deposition; and to question witnesses about document preservation and the newly produced documents. See Plaintiff's Motion to Compel (Sept. 18, 2020), DE #34; Plaintiff's Motion to Compel (Sept. 28, 2020), DE #37. Defendants opposed these motions, claiming that in producing additional emails yielded by their latest search, they had complied with the Court's directive regarding ESI and that it was unnecessary to reopen depositions. See Defendants' Response in Opposition (Sept. 22, 2020), DE #35; Defendants' Response in Opposition (Sept. 29, 2020), DE #38.

The Court heard three hours of oral argument on the motions, and again granted plaintiff's motions in pertinent part, by reopening Mr. McCarthy's deposition to provide plaintiff with the opportunity to examine him about belatedly produced documents and about an issue as to which defendants had improperly invoked attorney-client privilege. See Minute Entry (Oct. 9, 2020) ("10/9/20 Minute Entry"), DE #41. The Court noted during the hearing that defendants had proffered no justification for failing to produce certain emails, characterizing defense counsel's approach to discovery as reflecting "a mindset to provide as little as possible."[2]

Within days of the October 9th, 2020 hearing, the Court granted plaintiff's request for *in camera* review of redacted documents, see Plaintiff's Motion for *in camera* review (Oct. 13, 2020), DE #42, over defendants' assertion of attorney-client privilege, see Defendants' Opposition to *in camera* review (Oct. 15, 2020), DE #43, noting its "concerns about the propriety of defendants' redactions, as defendants earlier engaged in unjustifiable over-redactions of emails[,]" see Memorandum and Order (Oct. 16, 2020), DE #44. Following *in camera* inspection of the partially redacted documents, the Court granted in part plaintiff's renewed motion to compel, ruling that the redacted information in one of the documents was not protected. See Memorandum and Order (Oct. 26, 2020) at 2, DE #49.

Approximately one month later, and nearly four months after the close of fact discovery, defendants produced an additional tranche of discovery documents. See Pl. Sanctions Mot. at 2 & n.6; see also Def. Sanctions Opp. at 1-2. Thereafter, plaintiff filed the instant motion, seeking discovery sanctions in the form of attorneys' fees in connection with preparing the three motions

---

[2] The Court further observed that defendants had failed to follow the preferred practice in this District whereby counsel engage in an interactive process to develop an agreed-upon protocol for their ESI searches. According to the Court, because the M&O of August 27, 2020 had directed defendants to conduct a further ESI search and produce additional responsive documents *or* a sworn statement regarding the search methodology, see 8/27/20 M&O at 4, defendants' production of two emails, while refusing to provide sworn statements about the methodology of their ESI search, technically complied with the letter of the Court's Order, but nonetheless violated the spirit of that Order.

4

to compel and participating in the aforesaid two hearings; preparing for and participating in counsel's meet-and-confers; and preparing for and conducting Mr. McCarthy's second deposition session on November 20, 2020. See Pl. Sanctions Mot. at 3. Without directly addressing the propriety of imposing sanctions in connection with plaintiff's previous motions, defendants revealed the cursory nature of their production efforts: Over the course of much of the twice-extended discovery period, and up until September 8, 2020, defendants and their counsel had relied on defendants' employees to search their own files for responsive ESI. See Def. Sanctions Opp. at 4. Following two court orders partially granting plaintiff's motions to compel and ordering a more thorough search, defense counsel finally instructed defendants' Information Technology ("IT") specialist to conduct a search of defendants' ESI. See id. In opposing plaintiff's motion for sanctions, defendants seek to minimize their discovery violations by arguing that a portion of their November 2020 production was duplicative of a prior production and that, in any event, any new documents would "bolster [d]efendants' position." Id. at 5.[3]

---

[3] In addition to defendants' delayed production of documents, their counsel engaged in other conduct that necessitated remedial action by the Court. Despite the risks arising from in-person interaction during the height of the COVID-19 crisis — a global pandemic caused by an airborne pathogen for which, at the time, there was no available vaccine — defendants twice refused plaintiff's counsel's reasonable request to conduct depositions remotely, prompting plaintiff, whose son suffered from underlying health issues, to file a motion to compel defendants to participate in remote depositions. See Plaintiff's Motion to Compel (July 6, 2020), DE #25. Defense counsel, Saul Zabell, Esq., argued that plaintiff's concern about the safety of an indoor deposition did not constitute "good cause" to excuse her from appearing in-person; without further explanation, Mr. Zabell asserted that, on account of his claimed hearing loss, ordering a remote deposition "would unfairly impair [his] ability to represent [his] clients without limitation." Defendants' Opposition (July 6, 2020), DE #26.

Consistent with other courts in this Circuit and around the country (including at least three in this District that heard cases involving the same defense counsel), this Court granted plaintiff's motion to compel, as well as her request to extend fact discovery to complete depositions. See Memorandum and Order (July 20, 2020), DE #27. The Court concluded that defendants' submission failed to demonstrate "why an in-person deposition with masks and social distancing would pose less of a challenge to a hearing-impaired examiner or defender than a videoconference deposition with technical accommodations[,]" whereas an in-person proceeding was dangerous to all participants. See id. at 3. The Court further noted that Mr. Zabell had made no mention of his hearing loss in opposing a similar motion to conduct remote proceedings that another court in this District had granted earlier that summer. See id. at 3-4 (citing Flores v. L.I. Proliner, Inc., 19-cv-05056-ENV-JO, Order denying Motion for Reconsideration (June 26, 2020)). [Footnote continued]

# DISCUSSION

I. **Legal Standards**

To promote the goal of the "largely self-executing" system of discovery, Rule 37 of the Federal Rules of Civil Procedure (the "FRCP") creates a "presumption in favor of imposing expense-shifting sanctions against a party who unsuccessfully litigates a motion to compel[.]" 7 James W. Moore et al., Moore's Federal Practice § 37.23 (3d ed. 2021) ("7 Moore's"). For example, Rule 37(a)(5)(A) provides that "if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).[4] If a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses between the parties, so long as the parties have "an opportunity to be heard[.]" Fed. R. Civ. P. 37 (a)(5)(C).[5]

Rule 37(b)(2)(C) similarly provides, in relevant part, that "[i]f a party . . . fails to obey an order to permit discovery, . . . the court where the action is pending may issue further just orders[,]" and "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

---

Thereafter, defense counsel's obstructionist behavior impeded the conduct of depositions: Mr. Zabell delayed a deposition of defendants' employee for an hour by refusing to turn on his video camera until this Court ordered him to do so. See Minute Entry (Aug. 17, 2020), DE #28; see also 8/21/20 Mot.at 3 n.1.

[4] Fees and expenses should not be shifted, however, where the failure to disclose "was substantially justified[,]" Fed. R. Civ. P. 37(a)(5)(A)(ii), or in other circumstances rendering "an award of expenses unjust[,]" Fed. R. Civ. P. 37(a)(5)(A)(iii).

[5] The "opportunity to be heard" may be satisfied with written submissions and/or oral hearings. See Fed. R. Civ. P. 37(a) advisory committee's note (1993). Here, defendants were heard through written responses to each of the discovery-related motions, as well as in over five hours of oral argument.

37(b)(2)(C). Absent sufficient justification for the dereliction, "an award of fees under Rule 37(b) is mandatory." Sentry Ins. v. Brand Mgmt. Inc., 295 F.R.D. 1, 17 (E.D.N.Y. 2013) (citing John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1177 (2d Cir. 1988)); see Robbins & Myers, Inc. v. J.M. Huber Corp., No. 01-CV-201S(F), 2010 WL 3992215, at *5 (W.D.N.Y. Oct. 12, 2010) (noting that a fee award under Rule 37(b) "is not a matter of judicial discretion, but is required, absent substantial justification").

Finally, yet another provision in Rule 37 likewise contemplates an award of sanctions for discovery violations: Rule 37(c) imposes, among other responsibilities, an ongoing duty upon parties to supplement earlier responses, on pain of sanctions, such as "payment of the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(c)(1)(A).

Courts have interpreted "substantial justification," within the meaning of Rule 37, as holding "the opposing party to an objective standard of reasonableness[.]" Bowne of New York City, Inc. v. AmBase Corp., 161 F.R.D. 258, 262 (S.D.N.Y. 1995); see 7 Moore's § 37.23; see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (discussing the definition of "substantial justification"). Therefore, a prevailing party need not prove the subjective intent of the losing party, such as bad faith, to show that the losing party lacked "substantial justification." See Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 273 F.R.D. 372, 378–79 (S.D.N.Y. 2011) (collecting cases opining that, unlike sanctions imposed under the court's inherent power, which require a showing of bad faith, a Rule 37 monetary sanctions award for discovery abuse is compulsory and does not); see also Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 179 F.R.D. 77, 80 (D. Conn. 1998) (collecting cases and imposing a monetary sanction on a party for a purportedly "inadvertent" delay in discovery production). In connection with this objective standard, a party's failure to explain its nonproduction or delayed production of

7

responsive discovery reflects its lack of substantial justification, see, e.g., Bowne, 161 F.R.D. at 262-63, as does a party's interpretation of interrogatories and requests for production in an "artificially restrictive or hyper-technical manner to avoid disclosure[,]" Fed. R. Civ. P. 37(a) advisory committee's note (1993).

Sanctions awarded for violations of Rule 37 must be just and proportional in severity with the challenged noncompliance. See Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007). The sanction imposed should "restore the prejudiced party, as nearly as possible, to the position it would have occupied had the discovery been produced and the evidence disclosed." Chevron Corp v. Donziger, 296 F.R.D. 168, 220 (S.D.N.Y. 2013). In this regard, an order to reimburse the opposing party for expenses is considered the "mildest" discovery sanction. See Underdog Trucking, 273 F.R.D. at 379 (quoting JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., No. 03Civ.5562JGKAJP, 2005 WL 1958361, at *10 (S.D.N.Y. Aug. 16, 2005)).

## II. Application

Plaintiff seeks " an order requiring Defendants to pay Plaintiff's attorneys' fees and costs associated with: (1) preparing three of the motions discussed above and participating in the two related motion hearings; (2) preparing for and participating in the meet-and-confers related to these motions; and (3) preparing for and conducting Mr. McCarthy's second deposition session on November 20, 2020." Pl. Sanctions Mot. at 3. The Court addresses each below.

### A. The Motions

#### 1. 2/21/20 Motion

As previously discussed, the Court granted plaintiff's first motion to compel in substantial part, and, during the March 3, 2020 hearing on the motion, opined on the record that

defendants failed to provide a reasonable basis for their opposition to plaintiff's discovery requests or for their unwillingness to confirm witness availability. The Court further criticized defendants' overly technical interpretation of case law. Plaintiff prevailed in part on this motion, and defendants later produced responsive demanded documents, thereby revealing the lackadaisical nature of their initial search. See generally Def. Sanctions Opp. at 4 (describing defendants' sporadic production throughout the extended discovery period). As defendants provided no explanation for their belated production, their conduct does not qualify for any of the exemptions to Rule 37's fee-shifting sanctions.[6] Therefore, the Court grants plaintiff reasonable fees and costs associated with preparing and arguing the motion and participating in meetings with opposing counsel related to this motion.[7]

### 2. 8/21/20 Motion

Rule 37(a)(5)(A) provides for sanctions in the form of reasonable expenses "if the disclosure or requested discovery is provided after the motion was filed." Despite defense counsel's (unsworn) assurance that "there are no additional e-mails in Defendants' possession, custody, or control[,]" 8/25/20 Def. Opp. at 3 (emphasis in original), further court-mandated searches of defendants' records yielded several previously undisclosed documents that had been the subject of plaintiff's first motion to compel, and that are relevant to plaintiff's claims and the defenses thereto: these include emails about plaintiff's request for accommodation and the termination of her insurance, as well as an email between defendants' agents about plaintiff's

---

[6] In imposing sanctions under Rule 37, the Court need not determine whether defendants acted in bad faith. See supra pp. 7-8.

[7] Though not raised by either party, the Court notes that it need not explicitly warn a party of the risk of sanctions prior to issuing them. See Abbott Laboratories v. Adelphia Supply, USA, No. 15-CV-05826 (CBA) (LB), 2020 WL 1429472, at *7 (E.D.N.Y. Mar. 24, 2020) ("[T]here is no requirement in the Second Circuit that parties . . . be warned prior to the issuance of . . . sanctions.") (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991)).

disability, compare 2/21/20 Mot. to Compel with Ex. A to Sanctions Mot., DE #50-1; Ex. D to Sanctions Motion, DE #50-4.

In opposing sanctions, defendants reiterate their purported "good faith" throughout the discovery process, yet they provide no explanation for the delays in their document production. See Def. Sanctions Opp. at 4-5. Defendants do not contest that the name Leanne Murray, defendants' controller during plaintiff's employment, did not appear in defendants' document production until after the Court ordered a more thorough search. While acknowledging that Ms. Murray's name was included in defendants' initial disclosure statement, plaintiff claims that she might have noticed a deposition of Ms. Murray had there been timely production of documents reflecting her involvement in the process. See Pl. Sanctions Mot. at 2 n.6.

In violation of Rule 37(a)(5)(A), defendants belatedly produced documents after they became the subject of two motions to compel. Though not required to do so, plaintiff has demonstrated that lack of access to these documents hampered her case preparation and necessitated an extension of discovery. Therefore, the Court orders defendants and their counsel to pay plaintiff's reasonable expenses. See Disabled Patriots of Am. v. Niagara Grp. Hotels, LLC, No. 07CV284S, 2008 WL 941712, at *3 (W.D.N.Y. Apr. 4, 2008) ("If production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed.").

### 3. 9/18/20 Motion and McCarthy's Reopened Deposition

Defense counsel explained neither defendants' failure to correct Mr. McCarthy's assertion of privilege regarding his interpretation of the New York Labor Law, see 10/9/20 Minute Entry, nor why defendants failed to produce, at an earlier date, the responsive emails that they first disclosed in November 2020. See generally Def. Sanctions Opp. As the need for Mr. McCarthy's second deposition stems solely from defendants' violations, plaintiff should not have

10

to bear the costs of defendants' noncompliance.  See Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 437–38 (S.D.N.Y. 2004) (ordering the party that failed to produce documents relevant to a deposition prior to the deposition to pay the "costs of any depositions or re-depositions required by the late production. . . . [and] the costs of this motion.").

## CONCLUSION

For the foregoing reasons, Scelsi's motion for discovery sanctions is granted.  Counsel are directed to confer in an effort to reach agreement as to a reasonable amount of attorney's fees and costs incurred by plaintiff in preparing and litigating the motions discussed above and in preparing for and conducting the second stage of Mr. McCarthy's deposition.  If the parties cannot agree on a specific amount, then plaintiff may submit an application for fees and costs, accompanied by the relevant time-records and documented expenses.

**SO ORDERED.**

**Dated:    Brooklyn, New York
            June 24, 2021**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**