UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MELISSA SCELSI,

                            **Plaintiff,**                            **MEMORANDUM**
                                                                   **AND ORDER**

                     **-against-**                                  **19-CV-4315 (FB)**


HABBERSTAD MOTORSPORT INC., et al.,

                           **Defendants.**
--------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

     By Memorandum and Order dated June 24, 2021, this Court granted a motion filed by

plaintiff Melissa Scelsi ("plaintiff") for sanctions against defendants Habberstad Motorsport,

Inc. and Erik Habberstad (collectively, "defendants"), awarding plaintiff reasonable attorneys'

fees and expenses, in an amount to be determined. <u>See</u> Memorandum and Order (June 24,

2021) ("6/24/21 M&O"), Electronic Case Filing ("ECF") Docket Entry ("DE") #65.

Currently pending before the Court is an application filed by plaintiff to set the amount of

attorneys' fees and costs awarded. <u>See</u> Motion for Attorney Fees (July 28, 2021) ("Pl. Fee

Motion"), DE #67. For the reasons that follow, this Court grants attorneys' fees in the amount

of $35,194.25, along with $933.20 in costs.

**BACKGROUND**

     On November 30, 2020, plaintiff moved for discovery sanctions against defendants for

"obstructing fact discovery by willfully withholding documents responsive to [p]laintiff's

discovery requests." <u>See</u> Plaintiff's Motion for Sanctions (Nov. 30, 2020) ("Pl. Sanctions

Motion") at 1, DE #50. Plaintiff requested "an order requiring [d]efendants to pay [p]laintiff's

attorneys' fees and costs associated with: (1) preparing the three [motions to compel] and participating in the two related motion hearings; (2) preparing for and participating in the related meet-and-confers . . . ; and (3) preparing for and conducting [the] second deposition session [of defendants' General Manager, James McCarthy,] on November 20, 2020." Id. The Court concluded that sanctions were warranted, on account of defendants' failure to timely produce responsive documents, which caused plaintiff to incur fees and costs litigating a series of discovery disputes and to expend additional time conducting discovery. Accordingly, the Court awarded plaintiff "reasonable fees and costs associated with preparing and arguing the motion[s] and participating in meetings with opposing counsel related to [the] motion[s]." 6/24/21 M&O at 9; see id. at 10-11. The Court also directed defendants to pay plaintiff's fees and costs in connection with taking a second deposition of Mr. McCarthy, since the continuation of his deposition was due to defendants' discovery violations. See id. at 10-11.

The parties were unable to reach an agreement on the amount of fees and costs to which plaintiff was entitled. By the instant application, plaintiff seeks $54,557.50 in attorneys' fees and $933.20 in costs. See Pl. Fee Motion at 1. Characterizing the amount sought as unreasonable, defendants oppose plaintiff's application in its entirety, and, in the alternative, propose an award in an amount no greater than $7,500. See Response in Opposition (Aug. 3, 2021) ("Def. Fee Opp."), DE #68. The Court rejects each side's proposal and awards an amount that it finds to be reasonable, for the reasons explained below.

## DISCUSSION

### I.  Legal Standards

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure authorizes the Court, in the circumstances presented here, to require the party that failed to make timely disclosures to pay the movant its "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  In determining whether plaintiff's requested fee is a "reasonable" sanction under the circumstances, the Court employs the "lodestar" method, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate.  See Hunter v. City of New York, 12-CV-6139 (MKB), 2021 WL 4942769, at *4 (E.D.N.Y. Oct. 22, 2021) (applying lodestar method to determine fees on sanctions motion); Toussie v. Allstate Ins. Co., 15 CV 5235 (ARR), 2019 WL 2435852, at *25 (E.D.N.Y. Feb. 6, 2019) (same), adopted, 2019 WL 2082462 (E.D.N.Y. May 13, 2019).  This presumptively reasonable fee is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citations omitted); see Safeco Ins. Co. of Am. v. M.E.S., Inc., 790 F.App'x 289, 292 (2d Cir. 2019).  Plaintiff bears the burden of proving the reasonableness of the rate charged and the necessity of the hours spent.  See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999).

Courts can and should exercise broad discretion in determining a reasonable fee award. See Hensley, 461 U.S. at 437 ("The court necessarily has discretion in making this equitable judgment."); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany &

Albany Cnty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008) (referencing the court's "considerable discretion").  The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases.  See Arbor Hill, 522 F.3d at 184, 186 n.3, 190.  In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits.  This is known as the "forum rule."  See Simmons, 575 F.3d at 174-75 (recounting history of the forum rule); see also Arbor Hill, 522 F.3d at 191 ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. See Arbor Hill, 522 F.3d at 190.  In reviewing a fee application, the court should exclude "excessive, redundant or otherwise unnecessary hours."  Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433-35, 440 (1983)).  If the court finds "that some of the time was not reasonably necessary . . . , it should reduce the time for which compensation is awarded accordingly."  Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 111 (2d Cir. 2012); see Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).  "[A] fee award should be based on scrutiny of the unique circumstances of each case . . . ."  McDaniel v. Cty. of Schenectady, 595 F.3d 411, 426 (2d Cir. 2010) (citations and quotations omitted).

4

In evaluating fee requests, courts "need not, and indeed should not, become green-eyeshade accountants." Fox v. Vice, 563 U.S. 826, 838 (2011). Where a party includes unnecessary hours in its fee application, the Court may, rather than engage in a line-by-line reduction of the billing records, make an across-the-board reduction in billable hours. See Green v. City of New York, 403 F.App'x 626, 630 (2d Cir. 2010); Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

## II. Application of the Law to the Facts of This Case

As a general matter, defendants argue that they have been unfairly blamed for their failure to timely produce responsive documents. A review of the record in this case demonstrates otherwise. As this Court found in granting plaintiffs' request for sanctions, throughout the parties' discovery disputes, defendants continually represented that they had "produced all responsive emails in their possession, custody, and control[,]" only to later produce further emails that plaintiff had requested months earlier. See 6/24/21 M&O at 2-3, 4 (citing Response in Opposition (Feb. 28, 2020) at 4, DE #19; Response in Opposition (Aug. 25, 2020) at 3, DE #31; Pl. Sanctions Motion at 2 & n.6). Defendants refused to produce a written statement describing the procedures that defendants followed in searching ESI -- despite plaintiff's request for such a statement, and even after the Court invited defendants to do so. See Memorandum & Order (Aug. 27, 2020) ("8/27/20 M&O") at 2-3, DE #32; 6/24/21 M&O at 4 n.2; Defendants' Response in Opposition (Sept. 22, 2020) at 1-3, DE #35. As amply described in this Court's previous orders, throughout the myriad discovery disputes, defendants failed to provide an adequate explanation for their delays in document production. Accordingly, the Court reaffirms its finding that defendants' failure to timely produce

responsive documents was not substantially justified.  See 6/24/21 M&O at 9-10.  To date,
defendants have offered no reason to modify that conclusion.

Furthermore, defendants' reference to plaintiff's purported deficient discovery
responses misses the mark.  Discovery is not a "tit for tat" process.  See Galgano v. Cty. of
Putnam, 16 Civ. 3572 (KMK)(PED), 2020 WL 5731783, at *1 (S.D.N.Y. Sept. 24, 2020)
("one party's noncompliance with discovery requirements does not excuse the other's failure to
comply") (internal quotation marks and citation omitted).  This Court found that defendants'
discovery failures "hampered [plaintiff's] case preparation" and caused her to incur fees and
costs that would not otherwise have been necessary.  See 6/24/21 M&O at 9-11.  Defendants
point to no conduct on the part of plaintiff that undercuts that finding.  To the extent
defendants argue that they are entitled to an "offset" for fees that they incurred in successfully
defending aspects of plaintiff's motions to compel, that contention is unsupported by any
authority.  In any event, where appropriate, the Court has applied percentage reductions to
account for, inter alia, work on issues on which plaintiff did not prevail.  See generally
Kirsch, 148 F.3d at 173 (affirming district court's 20-percent reduction); Toussie, 2019 WL
2435852, at *29.

A.  Reasonable Hourly Rate

Plaintiff requests an award of attorneys' fees at the rates of $400 per hour for Rachel
D. Nicotra and $275 per hour for Daniel A. Grossman.  See Pl. Fee Motion at 2.  The rates
requested are lower than their customary billing rates, as evidenced by recent retainer
agreements submitted by counsel.  See id. at 2-3; Sample Retainer Agreements (July 28,
2021), DE #67-2.  Defendants do not object to the hourly rates sought.  Based on the Court's

6

knowledge of the rates generally charged in this District, it finds that the rates requested are within the range of reasonableness, albeit at the higher end.

The rate requested for Ms. Nicotra, who has been practicing employment law for more than 14 years, and who is the founder of the Nicotra Law, PLLC law firm, see Declaration of Rachel D. Nicotra (July 28, 2021) ("Nicotra Decl.") ¶ 3, DE #67-1, is consistent with rates awarded to attorneys with comparable experience, in employment discrimination cases in this District. See Miller v. E. Midwood Hebrew Day Sch., 19 CV 5580 (AMD)(LB), 2021 WL 966166, at *8 (E.D.N.Y. Feb. 15, 2021) (recommending award of $400 per hour for partner in employment discrimination action), adopted, 2021 WL 965072 (E.D.N.Y. Mar. 15, 2021); Sooroojballie v. Port Auth. of N.Y. & N.J., 1:15-cv-01230 (WFK)(PK), 2020 WL 9934418, at *4 (E.D.N.Y. Nov. 10, 2020) (recommending $450 per hour for partners in employment discrimination case), adopted, 2021 WL 1827116 (E.D.N.Y. May 7, 2021); see also Tenecora v. Ba-Kal Rest. Corp., CV 18-7311 (DRH) (AKT), 2020 WL 8771256, at *28 (E.D.N.Y. Nov. 30, 2020) ("Prevailing rates for experienced attorneys in the Eastern District of New York [in employment discrimination cases] range from approximately $300 to $400 per hour."), adopted in relevant part, 2021 WL 424364 (E.D.N.Y. Feb. 8, 2021); Reiter v. Maxi-Aids, Inc., 14 CV 3712 (SJF) (GRB), 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019) (noting that courts award up to $450 per hour for partners and up to $325 for associates in fee-shifting cases). The Court further finds that the rate requested of $275 per hour for Mr. Grossman is reasonable for an attorney with seven years of litigation experience. See Tenecora, 2020 WL 8771256, at *29 (recommending award of $310 per hour for attorney with eight years of experience and $260 per hour for attorney with five years of experience, in

employment discrimination case); Capital One, N.A. v. Auto Gallery Motors, LLC, 2:16-cv-6334 (PKC) (SIL), 2020 WL 423422, at *4 (E.D.N.Y. Jan. 27, 2020) (awarding $275 per hour for associates with six and seven years of experience).

   B.  Reasonable Number of Hours

   Plaintiff has submitted the declaration of Ms. Nicotra, along with contemporaneous billing records setting forth the dates, amount of time spent and description of the services performed.  See Plaintiff's Relevant Time Entries and Fees (July 28, 2021) ("Pl. Time Records"), DE #67-3.[1]  Ms. Nicotra states that she has exercised billing judgment in excluding from the fee application time that was excessive or redundant.  See Nicotra Decl. ¶ 6.  Defendants object to the number of hours claimed by plaintiff, primarily arguing that plaintiff seeks recovery for work performed on matters outside the scope of the Court's ruling in its 6/24/21 M&O.  Defendants also argue that plaintiff's recovery of fees should be reduced or offset for various reasons.

      1.  *February 21, 2020 Motion*

   Plaintiff seeks fees in the amount of $5,657.50 for 16.8 hours spent in connection with plaintiff's February 21, 2020 motion to compel.  See Pl. Time Records at ECF p.1.  Defendants argue that the time plaintiff's counsel spent on the January 10, 2020 deficiency letter, which preceded the February 21, 2020 motion to compel, is not compensable because it raised issues unrelated to defendants' failure to produce documents.  See Def. Fee Motion Opp. at 2.  In addition, defendants contend that some of the time spent on the deficiency letter and the related motion to compel is duplicative, since the motion itself incorporated arguments

---

[1] Counsel divided the billing entries into the following categories: "2/21/20 Motion"; "8/21/20 Motion"; "9/18/20 Motion"; "McCarthy's Reopened Deposition"; "Sanctions Motion"; and "Fee Application."

contained in the deficiency letter.  See id. at 3.  Further, defendants characterize as excessive counsel's billing for time spent by two plaintiff's attorneys in together participating in meet-and-confer sessions with opposing counsel, and court conferences.  See id. at 2-3.

In its 6/24/21 M&O, this Court specifically awarded plaintiff fees for "participating in meetings with opposing counsel related to [the February 21, 2020] motion." 6/24/21 M&O at 9.  According to plaintiff's billing records, counsel spent approximately 4.1 hours preparing the January 10, 2020 deficiency letter.  While the deficiency letter may have raised a few issues beyond defendants' failure to produce documents, the February 21, 2020 motion largely concerned defendants' withholding of documents responsive to plaintiff's discovery demands, including relevant email chains, and deficient responses to interrogatories.  The Court estimates that the time spent on other issues -- i.e., plaintiff's request to depose Erik Habberstad and the terms of the parties' confidentiality stipulation -- was negligible.  Thus, the Court declines to apply any reduction on that ground.

The Court finds reasonable the approximately 5.6 hours counsel spent on the motion to compel, despite counsel's having already prepared the January 10 deficiency letter concerning the same matters.  The amount of time spent by plaintiff's counsel is appropriate considering the Court's observation that in opposing the discovery sought, defendants "engaged in 'hide-the-ball' tactics" and "cited caselaw involving facts bearing no resemblance to the case at bar." See 6/24/21 M&O at 2 n.1.

On the other hand, some of defendants' objections are well taken.  It is excessive for counsel to bill for two attorneys to attend meet-and-confer sessions and court conferences regarding relatively straightforward discovery issues in this single-plaintiff employment

9

discrimination case.[2]  See Cocoletzi v. Fat Sal's Pizza II, Corp., 15cv02696 (CM)(DF), 2019 WL 92456, at *11 (S.D.N.Y. Jan. 3, 2019) ("In determining whether an excessive amount of time was expended on the matter, the Court may consider, *inter alia*, the nature and quality of the work submitted by counsel in connection with the litigation, as well as 'the straightforward nature of the work performed [and] the relative simplicity of the issues involved.'") (internal citations omitted).  Therefore, the Court finds that time spent by Mr. Grossman for conferencing with opposing counsel (0.8 hours on 1/22/20), and participating in court conferences (1.2 hours on 3/3/20), with Ms. Nictora, should be deducted from the time charges included in the fee award.  See Resnick v. Coulson, 17-cv-676 (PKC) (SMG), 2020 WL 5802362, at *8-9, *11 (E.D.N.Y. Sept. 28, 2020) (applying percentage reduction in fees for, *inter alia*, duplicative work by two attorneys); Small v. New York City Transit Auth., No. CV 2003-2139 (SLT)(MDG), 2014 WL 1236619, at *13, *14 (E.D.N.Y. Mar. 25, 2014) (applying percentage reduction for excess billing, including attendance by two attorneys at court conferences); Rostolder v. Life Energy & Tech. Holdings, Inc., No. 03-CV-3375 (SMG), 2006 WL 5838184, at *4 (E.D.N.Y. Sept. 20, 2006).  In addition, defendants correctly argue that counsel is not entitled to fees at her regular billing rate where she performed administrative tasks, such as "[p]reparation of hard copy filing of letter motion" with the Court.  See Resnick, 2020 WL 5802362, at *9; Callari v. Blackman Plumbing Supply, Inc., CV 11-3655 (ADS) (AKT), 2020 WL 2771008, at *12 (E.D.N.Y. May 4, 2020), adopted, 2020 WL 2769266 (E.D.N.Y. May 28, 2020).  Thus, a lower rate of $100 per hour should be applied to the 0.8 hours Ms. Nicotra spent preparing a hard copy for filing.

---

[2] Plaintiff's counsel acknowledges other instances of overstaffing by excluding time for Mr. Grossman's attendance at Mr. McCarthy's second deposition.  See Nicotra Decl. ¶ 6.

See Chauca v. Park Mgmt. Sys., LLC, NO. 10-CV-05304 (ENV) (RER), 2016 WL 8117953, at *4 (E.D.N.Y. July 18, 2016) (recommending $75 per hour for administrative tasks performed by attorney).

Applying the reductions discussed above, this Court awards fees, in connection with the February 21, 2020 motion, in the amount of $4,867.50, for 6.5 hours for work performed by Mr. Grossman and 7.5 hours for work by Ms. Nicotra, at their requested rates, plus 0.8 hours for Ms. Nicotra at the administrative rate of $100 per hour.

### 2. *August 21, 2020 Motion to Compel*

Plaintiff seeks $6,940.00 for 19.6 hours of work in connection with the August 21, 2020 motion to compel.  See Pl. Time Records at ECF p. 1.  Defendants again argue that plaintiff's request for fees includes time spent on tasks unrelated to the motion to compel.  See Def. Fee Opp. at 3.

This Court's review of counsel's billing records reveals that almost half of the time claimed by counsel as relating to the August 21, 2020 motion to compel was spent after the motion was filed.  See Pl. Time Records at ECF p.1.  As a result of the August 21, 2020 motion, which demonstrated that defendants' original discovery responses were "insufficient," the Court directed defendants to conduct a further search for responsive communications.  See 8/27/20 M&O at 2-3.  After the court-mandated additional search of defendants' records, defendants produced several previously undisclosed responsive documents that had been the subject of plaintiff's motions to compel.  Accordingly, the Court ordered that defendants pay plaintiff's fees incurred in bringing about this belated production.  See 6/24/21 M&O at 9-10.

Although the Court also reopened discovery[3] and authorized plaintiff to serve further discovery demands due to defendants' belated supplemental initial disclosures, the cost of preparing those supplemental discovery demands would have been incurred by plaintiff had the production been made in a timely fashion.  Therefore, plaintiff's further costs incurred after the filing of the August 21, 2020 motion (7.9 hours) are not properly compensable.  See LPD New York, LLC v. Adidas Am., Inc., 15-CV-6360 (MKB), 2018 WL 6437078, at *2 (E.D.N.Y. Dec. 7, 2018) (excluding fees for "work that would have been performed (e.g., reviewing plaintiff's document production) even absent defendants' motion to compel").

In sum, in connection with the August 21, 2020 motion, the Court awards fees in the amount of $4,080 for 6.9 hours by Ms. Nicotra and 4.8 hours by Mr. Grossman.

### 3. *September 18, 2020 Motion to Compel*

Plaintiff seeks $18,927.50 for 57.6 hours spent in connection with the September 18, 2020 motion to compel.  See Pl. Time Records at ECF pp. 1-2.  Defendants contend that a large percentage of the fees sought by plaintiff in connection with the September 18, 2020 motion to compel are unrelated to the motion.  See Def. Fee Opp. at 3.  Moreover, defendants argue that any fees awarded in connection with the September 18, 2020 motion to compel should be reduced by plaintiff's limited success on the motion.  See id. at 4.

The fees that plaintiff requests in connection with the September 18, 2020 motion to compel include time expended in connection with a September 28, 2020 letter-motion to compel the depositions of two witnesses, and an October 13, 2020 letter requesting that the

---

[3] Defendants argue that the time claimed should be reduced because plaintiff raised several issues on the motion that were decided against her.  See Def. Fee Opp. at 3 n.3.  However, the motion largely focused on defendants' failure to timely produce responsive documents.   For example, plaintiff devoted only a few lines of her three-page letter to the issue of Erik Habberstad's deposition.

Court conduct an *in camera* review of one document that defendants had produced in redacted form.  See Pl. Time Records at ECF pp. 1-2.  In the September 28 letter-motion, plaintiff sought an order compelling defendants to produce, for deposition, James McCarthy and Leanne Murray.  See Motion to Compel (Sept. 28, 2020), DE #37.  At a hearing held on October 9, 2020, the Court granted plaintiff's request to reopen Mr. McCarthy's deposition to examine him about belatedly produced documents and defendants' invocation of the attorney-client privilege.  See Minute Entry (Oct. 9, 2020), DE #41; see also 6/24/21 M&O at 4.  Although defendants contend that the September 28, 2020 motion is "entirely separate[,]" see Def. Fee Motion Opp. at 3, they concede that the issue of Mr. McCarthy's deposition was previously raised in the September 18, 2020 motion, see id. at 3 n.4; see also Motion to Compel (Sept. 18, 2020) ("9/18/20 Motion"), at 1 n.1, 3-6, DE #34.  Moreover, the Court specifically authorized plaintiff to examine Mr. McCarthy about defendants' search for responsive documents, another central issue raised in plaintiff's September 18, 2020 motion.  See 10/9/20 Minute Entry (authorizing examination of Mr. McCarthy "about any other documents that were not produced by defendants until after his first deposition session"); 9/18/20 Motion at 1-2, 3.  As this Court observed, "the need for Mr. McCarthy's second deposition stems solely from defendants' violations[;] plaintiff should not have to bear the costs of defendants' noncompliance."  6/24/21 M&O at 10-11.  Thus, plaintiff's costs in preparing and litigating the September 28, 2020 motion to compel are compensable pursuant to the 6/24/21 M&O.

Nevertheless, this Court reaches a different conclusion as to the time counsel spent after the October 9, 2020 discovery hearing (5.5 hours).  Although the Court later granted plaintiff's

request for *in camera* review of the documents that defendants produced in redacted form, <u>see</u> Memorandum and Order (Oct. 16, 2020), DE #44, the Court ultimately ruled that only one document needed to be produced in unredacted form, <u>see</u> Memorandum and Order (Oct. 26, 2020) at 2, DE #49.  This limited privilege issue was outside the scope of the disputes regarding whether Mr. McCarthy should be produced for a second deposition and/or defendants' failure to acknowledge the existence of and produce responsive emails.

Defendants further argue that "[a] significant portion" of plaintiff's September 18 motion, and the subsequent conference held on October 9, 2020, "focuse[d] upon [p]laintiff's contention that [d]efendants waived attorney-client privilege in this litigation," which, according to defendants, the Court rejected.  <u>See</u> Def. Fee Motion Opp. at 4.  In fact, although the Court sustained certain of defendants' privilege claims, the Court also found that defendants waived the attorney-client privilege regarding compliance with the New York Labor Law by asserting an advice-of-counsel defense.  <u>See</u> 10/9/21 Minute Entry at 1-2.  That said, plaintiff's limited success in challenging defendants' privilege assertions warrants some reduction in the time expended in connection with the September 18, 2020 motion.  In addition, the amount of time counsel charged in preparing for the October 9 hearing (approximately 9 hours) is excessive.  Finally, the Court will again deduct as duplicative the time Mr. Grossman spent participating in the hearing (3 hours).

In sum, the Court declines to award fees for time spent after October 9, 2020 (5.5 hours), excludes Mr. Grossman's time for participating in the October 9 hearing (3 hours), and applies a 30-percent reduction to the remaining time claimed in the "9/18/20 Motion" category

(49.1 hours).  Thus, the Court awards fees in the amount of $11,455.50 for 16.03 hours by

Ms. Nicotra and 18.34 hours by Mr. Grossman.

### 4. *McCarthy's Reopened Deposition*

Plaintiff seeks $7,015 for 18.1 hours in connection with preparing for and taking Mr.

McCarthy's reopened deposition.  <u>See</u> Pl. Time Records at ECF p. 2.  Defendants argue that

the fees sought by plaintiff are "grossly excessive."  <u>See</u> Def. Fee Motion Opp. at 4.  This

Court agrees with defendants that a reduction in fees is appropriate.  Some of the time

plaintiff's counsel spent preparing for and taking the reopened deposition would have been

expended -- albeit at an earlier point in time -- even if defendants had not withheld the

documents that the Court ordered defendants to produce.  <u>See</u> <u>Toussie</u>, 2019 WL 2435852, at

*28 (declining to award fees for conducting rescheduled deposition since it would have been

held even if it had not been rescheduled).   The Court further agrees with defendants that 15.1

hours spent preparing for the continued three-hour deposition is excessive under the

circumstances.  Accordingly, the Court applies a 50-percent reduction to the time spent in

connection with preparing for and taking Mr. McCarthy's reopened deposition.  The Court

awards fees in the amount of $3,507.50 for 8.15 hours by Ms. Nicotra and 0.9 hours by Mr.

Grossman.

### 5. *Sanctions and Fee Motions*

Lastly, plaintiff seeks $6,550.00 in fees expended on the underlying sanctions motion,

and $9,467.50 in fees spent on the instant fee application.  <u>See</u> Pl. Time Records at ECF pp.

2-3.  Defendants do not object to the amount sought for the sanctions motion, but argue that

the fee requested for the instant motion is another example of plaintiff's counsel's overbilling. See Def. Fee Opp. at 2.

"It is within a judge's discretion to award fees in connection with the fee application by an attorney seeking an award of attorney's fees." Johnson v. City of New York, 11-CV-06176 (ENV) (CLP), 2016 WL 590457, at *6 (E.D.N.Y. Feb. 11, 2016). The exercise of discretion turns on whether the incurred costs for the fee application were reasonable. See id.

Since defendants did not specifically object to the amount of time spent on the sanctions motion, and a review of the billing entries demonstrates that the time spent was warranted, the Court grants plaintiff's request for $6,550 in connection with the sanctions motion. However, the Court finds that the number of hours billed for the instant fee application (24.6 hours) is excessive. Without wading into the parties' finger-pointing over which side is responsible for their failure to agree on a reasonable amount of fees,[4] the Court notes that a significant portion of the time plaintiff's counsel attributes to the instant motion was spent on negotiating the amount of fees with opposing counsel. See Pl. Time Records at ECF p. 3. Particularly when combined with the time counsel spent on the related sanctions motion (19.5 hours), a reduction in the amount sought for "fees on fees" is appropriate. Under the circumstances, the Court awards plaintiff fees for 50 percent of the time spent on the instant fee application. See New York Times Co. v. CIA, 251 F.Supp.3d 710, 715 (S.D.N.Y. 2017) (reducing by approximately 50% requested award for fees on fees); Johnson, 2016 WL 590457, at *7 (deducting 10 of 40 hours spent preparing fee application).

---

[4] See Pl. Fee Motion at 1 n.1; Def. Fee Opp. at 1 n.1.

In sum, the Court awards plaintiff $6,550 for 9.5 hours by Ms. Nicotra and 10 hours by Mr. Grossman in connection with the sanctions motion, and $4,733.75 for 5.2 hours by Ms. Nicotra and 9.65 hours by Mr. Grossman in connection with the instant fee motion.

C.  Costs

Plaintiff also seeks $933.20 in expenses, of which $848.15 was incurred in connection with the reopened deposition of Mr. McCarthy, and the remainder on various mailing and service fees.  See Pl. Fee Motion at 5.  Defendants have not objected to plaintiff's request for costs.  Plaintiff has submitted invoices and documentation demonstrating the additional amount spent on the court reporter for Mr. McCarthy's reopened deposition, and on mailing and service fees.  See Documentation of Costs (July 28, 2021), DE #67-4.  Accordingly, the Court grants plaintiff's request for $933.20 in costs.

## CONCLUSION

For the foregoing reasons, Scelsi's motion for fees and costs is granted in the amount of $35,194.25 in attorneys' fees and $933.20 in costs.

**SO ORDERED.**

Dated:    Brooklyn, New York
          December 22, 2021

          /s/ *Roanne L. Mann*
          **ROANNE L. MANN**
          **UNITED STATES MAGISTRATE JUDGE**

17