UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MELISSA SCELSI,

            Plaintiff,

  -against-

HABBERSTAD MOTORSPORT, INC.,
D/B/A HABBERSTAD BMW OF
BAYSHORE, AND ERIK
HABBERSTAD,

            Defendants.

**MEMORANDUM AND ORDER**

Case No. 2:19-cv-4315 (FB) (RLM)

*Appearances:*
*For the Plaintiffs*:
RACHEL DARA NICOTRA
DANIEL GROSSMAN
Nicotra Law, PLLC
1115 Broadway, 12th Floor
New York, NY 10011

*For the Defendants*:
SAUL D. ZABELL
RYAN M. EDEN
Zabell & Collotta, PC
1 Corporate Dr., Suite 103
Bohemia, NY 11716

**BLOCK, Senior District Judge:**

    Pursuant to Federal Rule of Civil Procedure 72(a), Habberstad Motorsport, Inc., d/b/a Habberstad BMW of Bayshore and Erik Habberstad (collectively, "Defendants") appeal Magistrate Judge Roanne L. Mann's December 22, 2021 Memorandum and Order ("Fee Order") awarding attorneys' fees and costs to Plaintiff Melissa Scelsi ("Scelsi"). Defendants argue that Magistrate Judge Mann's

1

Fee Order did not account for alleged overbilling by Scelsi's counsel. For the reasons that follow, Magistrate Judge Mann's Fee Order is affirmed.

## I. STANDARD OF REVIEW

A magistrate judge's order is reviewed under a clearly erroneous or contrary to law standard. Fed R. Civ. P. 72(a). An order is clearly erroneous when the reviewing court concludes that a mistake has been committed. *See Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013). An order is contrary to law if it applies inapplicable law or misapplies relevant law or procedural rules. *See id*. This standard of review "imposes a heavy burden on the objecting party and only permits reversal where the magistrate judge abused his [or her] discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

## II. DISCUSSION

Magistrate Judge Mann's Fee Order awarded attorneys' fees in the amount of $35,194.25 and costs in the amount of $933.20 to Scelsi in connection with the Court's prior grant of sanctions against Defendants. *See* ECF 69 at 1. On June 24, 2021, Magistrate Judge Mann issued an order concluding that "sanctions were warranted, on account of defendants' failure to timely produce responsive documents, which caused plaintiff to incur fees and costs litigating a series of discovery disputes." ECF 69 at 2. Accordingly, the Court awarded to Scelsi

"reasonable fees and costs associated with preparing and arguing the motion[s] and participating in meetings with opposing counsel related to [the] motion[s]." ECF 65 at 9.

In Defendants' appeal of the Fee Order, they refer to examples of alleged overbilling by Scelsi's counsel for work related to the February 21, 2020, August 21, 2020, and September 18, 2020 motions to compel, as well as with regard to the sanctions application. Specifically, Defendants allege that Scelsi's counsel both billed too many hours for some work and billed for time spent on work products that included issues not covered by the sanctions award, in addition to those matters directly covered by the sanctions.

However, Magistrate Judge Mann thoroughly addressed each of Defendants' concerns in her well-reasoned Fee Order. *See* ECF at 8-17. The Fee Order did not wholesale adopt Scelsi's request for reimbursement of $54,557.50 in attorneys' fees. Rather, Magistrate Judge Mann painstakingly reviewed each of the parties' submissions and billing records, then reduced both the rate and time billed by Scelsi's counsel to reach a reasonable and significantly reduced award of $35,194.25 in fees. The Court has reviewed the reasoning applied in Magistrate Judge Mann's Fee Order and finds that there is no clear error, nor misapplication of the law.

## III.  CONCLUSION

For the foregoing reasons, Magistrate Judge Mann's Order of December 22, 2021 is **AFFIRMED**.


**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 21, 2022